UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA :
: **PRELIMINARY ORDER OF**
- v. - : **FORFEITURE AS TO**
: **SUBSTITUTE ASSETS**
JIE LIN, :
: 21 Cr. 343 (SHS)
:
Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about May 24, 2021, JIE LIN (the "Defendant"), among others, was charged in a Sealed-Indictment, 21 Cr. 343 (SHS) (the "Indictment"), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One); and conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371(Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses charged in Counts One and Two of the Indictment, any property traceable to such property, and certain specific property and the following specific property;:

WHEREAS, the Indictment also provided notice that if, as a result of the Defendant's actions or omissions, forfeitable property was unable to be located or obtained, transferred or sold to a third party person, placed beyond the jurisdiction of the Court, substantially diminished in value or commingled with other property which cannot be subdivided

1

without difficulty, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about March 9, 2023, the Defendant pled guilty to Count Two of the Indictment pursuant to a plea agreement with the Government wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment;

WHEREAS, on or about October 23, 2023, the Court entered a Preliminary Order of Forfeiture (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $5,589,118 in United States currency (the "Money Judgment") representing the amount of property involved in the offense charged in Count Two of the Indictment (D.E. 22), for which the Defendant is jointly and severally liable with co-defendants Ying Sun, Jian Wang, Frank Liu, Dielong Wu, and Larry Lai;

WHEREAS, the Order of Forfeiture also forfeited all of the Defendant's right, title and interest in certain specific property that constitute property involved in the offense charged in Count Two of the Indictment (the "Specific Property");

WHEREAS, to date $5,589,118 of the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, other than the Specific Property, has been unable to locate or obtain the property involved in the offense of the Defendant's conviction; and

WHEREAS, the Government has identified the following specific asset in which the Defendant has an ownership interest:

      a. $150,000 in United States currency seized on April 22, 2020 from the trunk of the vehicle driven by Jie Lin in Arcadia, CA

(the "Substitute Asset");

    NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.  The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.  The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York

January 31, 2024

SO ORDERED:

_____
SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE