

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

**Michael E. Elsner**
*Licensed in NY, SC, VA*
direct: 843.216.9250
melsner@motleyrice.com

February 9, 2024

**VIA ECF**
The Honorable Sidney H. Stein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *United States v. Ying Sun;* 21-CR-343-SHS

Dear Judge Stein:

Adriana Jones, *et al.*, Interested Parties in this matter ("Petitioner Victims"), have reviewed the Court's Order issued today ordering that the Government file a response to the Petitioner Victims' amended petition filed pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2 by March 11, 2024. As the Court noted in its Order, Petitioner Victims obtained a judgment in the U.S. District Court for the District of North Dakota against the Juárez Cartel a/k/a La Linéa pursuant to 18 U.S.C. § 2333 and seek to collect upon the assets that were subject to the Preliminary Order of Forfeiture issued in this case pursuant to their rights under the Terrorism Risk Insurance Act of 2002 ("TRIA") and their contention that the assets at issue should be blocked/frozen by operation of the law as assets being held for the ultimate benefit of designated Foreign Narcotics Kingpins. This letter seeks to bring to the Court's attention various irregularities with the Government's actions.

On August 11, 2023, pursuant to 21 U.S.C. § 853(n), Federal Rule of Criminal Procedure 32.2, and this Court's Preliminary Order of Forfeiture, Petitioner Victims filed an Ancillary Petition asserting their interest in the property to be forfeited pursuant to the Preliminary Order of Forfeiture. D.E. 234.

On November 14, 2023, counsel for Petitioner Victims contacted Assistant United States Attorneys Jonathan Bodansky and Matthew R. Shahabian, to request for ease of the Government, the Court, and for judicial efficiency: 1) that the Petitioner Victims be allowed to submit a single omnibus Amended Petition for all fifty-six (56) victims, and 2) that an agreement to an extension to December 29, 2023, be provided by the Government to match the extended claim filing deadline provided to Fangrui Cai and Kai Hu by and through D.E. 251. The Government, through Assistant United States Attorney Matthew R. Shahabian, responded "Yes" in response to both of Petitioner Victims' requests. In reliance on this representation by the Government, Petitioner Victims filed their Amended Omnibus Ancillary Petition on December 29, 2023. D.E. 265.

As the Court is aware, Fangrui Cai and Kai Hu ("Petitioners") have also asserted their interest in property to be forfeited pursuant to the Preliminary Order of Forfeiture. On December 22, 2023, "[t]he Government respectfully request[ed] that the Court enter the attached Stipulation and Order" between Petitioners and the Government to resolve "the respective interests of the Government and the Petitioners in the Subject Property." D.E. 262. The stipulation states, among other things, that "Upon receipt of the



February 9, 2024
Page 2

Payments, the Government … shall promptly direct Citibank to remove any freeze or hold on the Subject Shares related to the Government's criminal action/forfeiture, including the Government's initial seizure warrant, and return the account and the Subject Shares to the control of the Petitioners." *Id.* On December 22, 2023, the Court entered the requested Stipulation and Order. D.E. 263 ("settlement agreement"). Neither the Government's submission nor the Stipulation make mention of Petitioner Victims' ancillary petition filed on August 11, 2023 (or the agreement to permit Petitioner Victims' amended petition to be filed by December 29, 2023).

Petitioner Victims asserted an interest before this Court in the property subject to the Stipulation and Order that the Court entered; however, Petitioner Victims were not a party to the settlement agreement, and they were not consulted or informed of the proposed Stipulation and Order in advance of it being filed with Court and entered. Petitioner Victims have engaged in numerous discussions with the Assistant United States Attorneys involved in this case regarding the asserted interests in the property, and while Petitioner Victims and the Government did not agree on the issues set forth in Petitioner Victims' Amended Omnibus Ancillary Petition, Petitioner Victims nevertheless sought a hearing pursuant to 21 U.S.C. § 853(n) and a determination from this Court. Without this hearing and adjudication, the Stipulation and Order entered by the Court seemingly extinguishes Petitioner Victims' interests in any portion of the property that was subject to the Preliminary Order of Forfeiture.

Petitioner Victims registered their Final Judgment in this District. *Howard J. Miller, et al. v. Juárez Cartel, a/k/a Vicente Carrillo Fuentes Organization (a/k/a "CFO"), a/k/a La Línea*, 1:23-mc-00343-VEC, D.E. 1 (S.D.N.Y. Sep. 14, 2023). Concurrent with the filing of this letter motion, Petitioner Victims have filed a Motion on Notice for an Order of Post-Judgment Attachment in the Miscellaneous Action pending before Judge Caproni. *See* Case No. 1:23-mc-00343-VEC, ECF No. 5 & ECF No. 6. The motion seeks to attach, pursuant to Section 201(a) of TRIA, *all* assets identified in the Preliminary Order of Forfeiture, including those subject to the Stipulation and Order and those assets for which the Government is relinquishing its ownership interest pursuant to the Stipulation and Order, to aid Petitioner Victims in their attempts to execute on their 2022 Final Judgment under the Antiterrorism Act.

In order to proceed in an efficient manner, Petitioner Victims believe it may be advantageous for both Petitioner Victims' petition before this Court and their concurrent Motion on Notice for an Order of Post-Judgment Attachment to be heard by Your Honor rather than by two separate judges within this District. If the Court would prefer for both actions to be decided by Your Honor, Petitioner Victims could file a motion to transfer the miscellaneous action to Your Honor as a related case. Petitioner Victims look forward to pursuing this relief and presenting their arguments to this Court at the Court's earliest convenience.

Very truly yours,

Michael E. Elsner, Esq.